Good morning, Your Honor. Michael Wolfe for the Plaintiffs' Appellants. We're allotted 15 minutes. I'm going to share my time with the Department of Labor. They'll take four minutes after me, so I'll have 11 minutes. All right. Well, watch your clock, because lawyers have a tendency to take all the time you have, and then they say, oh, we have under four minutes. Thank you, Your Honor. And may it please the Court. The plaintiffs in this lawsuit are participants in two Northrop Grumman 401k plans. The plans have a total of over 125,000 participants. The defendants in the lawsuit are fiduciaries of the plans in charge of administering the plans and the plan investments. The plaintiffs contend that the defendants breached their duties of loyalty and prudence by managing the investment options in the plans with excessive and unreasonable fees, which means were deducted from participants' retirement accounts and reduced their retirement income. Section 1109 of ERISA states that defendants are liable to make good to the plans all losses caused by their breach of fiduciary duties, and are also liable for such other equitable relief as is appropriate, and that can include removing the fiduciary. Section 1132 of ERISA allows any participant the right to bring an action for the appropriate relief under Section 1109. And no participant, no individual participant can sue for his or her own individualized damages from fiduciary breach of fiduciary duty. Instead, any remedy from such a lawsuit has to go to the plan itself. And that includes remedies such as an accounting, a surcharge for unaccounted items, restitution of losses, and removal of the fiduciary. A court determination that the defendants either owed fiduciary duties in how they operated particular funds or breached their fiduciary duties in terms of how they operated particular investment options necessarily affects all plan participants because the duties are owed to all of the plan participants. This kind of case is the paradigm of a 23B1 class action, and that's been noted both in the committee notes to Rule 23, the Supreme Court note of Avinortiz v. Fiberboard, and that has also been so noted by virtually every district court that has addressed these sorts of claims, including the 14 cases we cited in our briefs and our notice of supplemental authority on July 2, as well as Jones v. Novistar that we cite in our supplemental authority on July 6. Let me ask you a question. I'm going to kind of interrupt you. I understand where you want to put that information forth, but something that's very bothersome to me. It seems to me that under these, under this determination as to classes that, or as to certification of a class, that I have a standard of review of abuse of discretion, don't I? No, that's incorrect, Your Honor. Under Las Vegas Sands, that standard of review only applies to the district court applied the elements of Rule 23 to the facts of the case. That did not happen in this case. Judge Rehl did not apply any of the elements and stated that he did not apply any of the elements. Judge Rehl did not apply any of the elements. He did. Well, frankly, we don't know what he did, do we? He has a written order that says succinctly, Your Honor, that plaintiff's claims are, quote, better taken care of by administrative agents. Is that a ground under Rule 23? No, it's not. And it's also erroneous as a matter of law because the thing that worries me is why shouldn't I send this back to him to say, Judge, tell me why you're not granting the class? I don't understand. You didn't tell me. If you're going to apply this at all, it's abuse of discretion, and I want to know what you're doing. Well, Your Honor, I think that given the amount of briefing that was done in the case and the facts that are developed in the record, I think Judge Rehl recognized that this clearly is a class action. Well, he didn't realize it was a – I don't know that he realized it was a class action that he should have put together. I don't know anything about it except that he thinks labor would be the better one to bring in. Right. And there's no legal basis for that. Well, I understand. So I guess I'm trying again. I'll try once again with my same question. Why don't I just send it back to him then and say, Judge Rehl, consider what you're supposed to consider here. You've got a class action here. It's under 23A and B. Examine the factors, typicality, commonality, all the factors that are here, and tell me where you're going. Your Honor, the reason not to do that is that there's no way that Judge Rehl could find this is not a proper class action. Well, but just a minute. That's to suggest that I am going to make that determination on appeal without having everybody have the chance to get to that because he didn't tell me anything. Right, Your Honor. But everybody did get to that because this matter has been fully briefed both in front of the district judge and in front of this Court in the brief. Well, I guess that's the situation. If I'm going to do, I mean, what we're really saying, which I guess it just kind of aggravates this old guy from Idaho. When a district judge has an opportunity and he's supposed to be making a discretionary decision just to say, well, I'm just determining it like this and I'm not going to say any more. So every time you, on a blank record, without anything except all the briefs and everything, you make your own decision, Judge Smith, doesn't excite me that much. Because if I were doing it, I'd look into this adequate representation. Well, Your Honor, first of all. And I don't think this record is sufficient for me to look very much into it. So I'm saying to myself again, why don't I just send this back to Judge Reel and say, apply what you're supposed to under 23A and 23B and tell me whether this is a class or not. And then I'll see whether you're right. Well, first of all, Your Honor, it's not just you who would make that decision. You would have to have Judge Rawlinson or Judge Reel. Well, I understand. But I'm supposing that, I mean, this is the problem. Right here, we've got to have something that gives us something to look at. Understood, Your Honor. But you have everything that Judge Reel would have. And the problem is that because Judge Reel has a habit of adamancy and erroneous rulings, we are suffering. The plaintiffs are suffering because of it. It is a serious problem. This isn't the first time I've seen this in a class action. I'm going to ask you a question. Let me ask you, sort of come at it a different way. Is there any basis in the record, in the transcripts or anything that would justify remanding to a different judge? Well, I think the order itself would. Because there's no consideration of the Rule 23 factors in applying a standard that doesn't exist in the law and is contrary to Section 1132. So given that. Counsel, this is Judge Rawlinson with a question. Does that in and of itself justify remand to a different judge? Well, not that just by itself, Your Honor. But given the history of the court's issues with Judge Reel, I think it does, in consideration of all of the other issues. Including what happened in Bonlander last year. It's such a waste of judicial resources, and it's occurring repeatedly. It is, Your Honor. Class actions. And it has been two years since that class action determination. It's been three years since this complaint was filed. And this case has been staged since October of 2007. So in that three-year period of time, if we're correct in terms of breach of fiduciary duties and millions of dollars of losses to the participants each year, if we go back down now, go through another round with a different judge, going through all the elements, and it's certain there's going to be an appeal from that. It's clear to me that this is a class that should be certified. It's also clear to me that we are not the court that's supposed to be doing it. It should be the judge that's going to take this case to trial. The trial court judge should do that. And that's important for a lot of reasons, because during the trial, you know, the class can be modified. It can be structured. There might be different. I don't know if there is in this case. You said all the money is being paid would be reimbursed to the plan. It would go to the unitary trust. There's no individual relief. Correct, Your Honor. But even if this Court said under the record there's no reason not to certify the class under 23b-1, the modification of that class as the case proceeds is still available to the district judge. That order isn't set in stone, as it were. All the court is doing is modifying it. It's clear to me that this class should be certified, simply because I just don't feel it's appropriate for us to make that ruling, because that's a ruling that's traditionally made by district courts. Do you have a case that you can cite to us where the Court of Appeals made the initial determination as to whether or not the class certification was appropriate? No, Your Honor, I do not. So it's an unusual kind of circumstance, especially given the unusual kind of order that we're dealing with. But given the record that's before this Court now, if a district judge said I'm denying certification because of any of the 23a elements, could that stand on this appeal? And it could have. And keep in mind, the defendants didn't challenge any of the 23b elements. It's the problem that it's not really what's before us. That's the problem. And Judge Rollins is right. I'm not familiar with any case where the Court of Appeals has certified a class in the first instance. Believe me, we looked also. It's an unusual circumstance. But given the fact that we've been waiting three years to get this case going, given the fact that this is a paradigmatic 23b-1 type of case because it involves a trust in fiduciaries, given that the remedies have to go to the trust, to the plan, and so there's no way that you can allow each of 125,000 participants to file their own separate lawsuits to get that remedy, there's ‑‑ it's impossible to find that this case is not appropriate. I'm running out of my time. Counsel, have you and the other parties discussed possible mediation of this case through the Circuit Mediation Office? No, Your Honor. I don't think that was done. The class certification matter came up within a few months after the original complaint, and then the amended complaint was filed. Would have that if you asked them to stipulate to a class? I know that has not been discussed. I believe that that's not a viable option. Well, I realize that they've been fighting a class, but I think if we wrote an order saying we're not going to certify it, that it's pretty clear this is a class action, I think. It would certainly help to move the case along. All right. Maybe if the Court suggested that to the defendants, it might help. Why don't we have ‑‑ hear from the Department of Labor. Good morning, Your Honors. Nathaniel Spiller on behalf of the Secretary of Labor. We agree fully that the district court did not adequately go through the Rule 23 factors, and we don't really have a stake directly in whether or not the class is certified or whether the case is sent back. But we are concerned that the district court made two statements in the course of denying class certification. First, as counsel said, he said in the actual order that this case is better taken care of by administrative agencies, which we took to be a reference to the Secretary of Labor, for instance, where the administrative agency that administers and enforces Title I of ERISA. And he also said at the certification hearing, so I'm pretty sure that he was aware that this was a class action that was in front of him, that this was a quote. He said that this is an individual case and it should proceed as an individual case. We're concerned that both those statements indicate a basic misunderstanding of Section 1132A2 of ERISA. And he seems to be saying that the Secretary is in the best position to bring an ERISA claim under this provision to a plan resulting from a fiduciary breach, or possibly he's saying that the Secretary should, as a routine matter, intervene in all such cases. And neither of those suggestions are either practical or required by ERISA. To be sure, the Secretary does have authority and standing to bring such an action under Section 1132, but so do participants and beneficiaries. The vast majority of ERISA cases are, in fact, brought as private actions. And although the Secretary does seek out opportunities to participate as amicus at the appellate level, there's no way for the Secretary to investigate and enforce the vast numbers of plans and potential fiduciary breaches that occur. There's, I believe, something like 600,000 pension plans and even more health plans across the country. As Congress anticipated, but the district court seemed to overlook in this case, enforcement would suffer terribly if it were truly expected that the Secretary would, quote, unquote, take care of these cases on her own. What's your view if the case, what's the Department's view of the alternative suggestion by Judge Reel that these cases should be, you know, not certified, be handled by the individual claimants themselves? Well, just looking at it as a textual matter, Section 1132A2, otherwise commonly known as Section 50282, I'm trying to use the statutory designation, that that section does not, by its terms, require that they be brought as class actions, but it does not preclude there being class actions. And as counsel pointed out, it's typical, these types of claims of fiduciary breach and for failure to disclose material information when brought by participants to be brought as class actions. Many courts, and probably the overwhelming majority, according to some decisions, have found, have certified them as class actions under 23B1, either A or B. I think there's at least one decision out of the Second Circuit, Cohen v. Kaufman, where it was a relatively small number of participants in a plan. So it was not brought as a class action. The other court said that the individual participant lacked representative standing to bring the case on behalf of the absent participants and dismissed the case because the other participants had not been joined properly under Rule 19. No other court has gone that far or addressed that issue, but I think class actions are a well-recognized procedural device. The Secretary of Labor certainly has no problems, you know, conceptually with these cases being brought as class actions. Counsel, in terms of the remedy, would the remedy be different if this were certified as a class action as opposed to if it were brought by an individual or a group of individuals? No, the remedy under 1132 is a remedy for the plan. The participants, whether it's a single participant, a class of participants, or a group of participants, when they bring an action under 1132A2, they're acting in a representative capacity and they're seeking a single recovery of losses to the plan. As the recent case in LaRue v. DeWolf in the Supreme Court addressed, in the defined contribution context, which is what this case is and what many cases are, you know, down the road there will be an allocation of distribution of benefits that get allocated to the individual accounts and not everybody will get the same share. You know, that's the nature of defined contribution plans. But legally and, you know, conceptually, these are representative actions on behalf of the plan for a single recovery. But because participants as well as fiduciaries and the secretary can bring these cases, there is the potential for multiple individual suits, and one can easily imagine that there would either be inconsistent decisions and requirements imposed on the defendant or alternatively you would run into, you know, by any means been settled by the courts. But, you know, there are a lot of good reasons. It's not our main focus. Our focus is on, you know, statutory analysis under ERISA, not under Rule 23. But there's certainly a lot of good reasons to see, you know, first of all, why these cases should, by the private right of action that the Act provides, and this is an explicit right of action. We're not suggesting that this is a matter of court being asked to fashion and apply right of actions as explicit in the statute, that it should go forward unimpeded. It's not affected by the potential or the fact that the secretary, you know, could but in most cases does not bring her own case or intervene in the case. The secretary, when she brings a case, does not cut off the right of a private participant to bring such a case. And there's no reason within the statute why procedural limitations, including denial of classification, should be imposed on the private right of action, just because the secretary also has independently the same right of action. All right. Gender counsel. Good morning, Your Honors. May it please the Court. I'm Nancy Ross. I'm representing the defendants in this lawsuit. I'd like to start, Your Honors, by addressing a few of the statements made by Appellant's Counsel and also to answer some of the questions that have been proposed to Plaintiff's Counsel and the DOL. First and foremost, Judge Rawlinson, you asked whether or not there was a case which would allow this Court to decide certification regardless of whether or not the district court had ever decided it. In fact, Your Honors, we submitted exactly such a case to the Court on July 1 with a letter of supplemental authority. It was the Hannon v. Data Products case that we submitted. It's reported at 971 F. 2nd, 497. Your Honors, that actually is a case that involved ---- Let me ask you a question about that case even before you tell me what it involved. Sure. If you read that case, does it say I must decide it? Does it say the Ninth Circuit must decide it? Your Honor, what it says is the Ninth Circuit may decide it. May. May decide it, yes. In other words, somewhat like local joint executive board of culinary or tender trust fund versus Las Vegas Sands, if I want to go forward and do it, I can, but I could send it back. Yes, Your Honor. The wording that I draw the Court to is this Court wrote, although the district court offered no explanation for exported, denying Hannon's Rule 23A motion for class certification and made no findings, we may sustain the Court's ruling on any grounds supported by the record. And then the Court went on. That's a denial of class certification. It's a denial. It's not what the plaintiff's asked us to do, which is to certify. Yes, that is correct, if you will. And that's where I'm not familiar with any case. I see your distinction, Your Honor. No. The Hannon case was the situation we have here in some respects where the Court denied it. That's only if we were inclined to deny certification, and at least you know that I happen to think that this is a classic class, and the Department of Labor happens to think there's a lot of problems with not proceeding on a class basis. So I'm not sure how helpful the Hannon case is to you. Well, Your Honor, since you raised the Department of Labor, let me say two things about that. First of all, it has been very clear to us throughout the briefing by the Department of Labor that they misunderstand Judge Reel's ruling. What Judge Reel said is that this situation is better taken care of by administrative agencies responsible for enforcing ERISA. Judge Reel did not say this should be brought as a lawsuit by the Department of Labor. And, Your Honors, Judge Reel's opinion, succinct as it may be, is actually consistent with the decision of the Seventh Circuit recently in the Hecker v. Deer case, where the Court denied the case on the merits, finding that this should be resolved at the Department of Labor stage, not in the courtroom, because the Department of Labor has been entrusted with developing regulations for these kinds of disclosure issues. Did you find that Seventh Circuit case, the district court opinion in deciding that, with the Seventh Circuit reviewed, did you find it quite as succinct as this opinion? Well, Your Honor, simply by the number of pages. I would agree with this to this day. Did you see as little justification for review of the other factors in that district court opinion? Of course, Your Honor. And there were two different issues. That was on the merits, and this one was on class certification. The other concern that I have about the Department of Labor's position here is it's completely inconsistent, or, let me say, they did not raise that at all in any of their briefs. They stood before this Court and took a position that class certification would not be appropriate, as I understood it. And, in fact, in their briefs, they have stated exactly the opposite, that they clearly are not taking a position on whether or not class certification is appropriate here, nor are they taking a position on the merits. The point that I'm stressing with respect to the Department of Labor is all of their briefing has been under the assumption that Judge Reel said the Department of Labor should bring this case in the courtroom. And, in fact, I think the one thing that is clear that Judge Reel did not say is that the Department of Labor needs to litigate this. There is a ---- May I ask you a question? Do you think that a ground for denial of class certification under Rule 23 is the judge's opinion that the case is better taken care of by administrative agencies? I think that's exactly what Judge Reel was saying as best as I can interpret. No, I know that's what he's saying, but is that ---- Do I believe it? No, no. I mean, it's actually a matter of opinion whether it's not a ---- Do you think that's an appropriate ground for denying a Rule 23 class certification? You know, I do, Your Honor. And I do believe ---- And what law do you have that supports that? I base that on ---- I peg Judge Reel's decision into the Rule 23B predominance and superiority prong of ERISA. I'm sorry, of the class certification. I live my life with ERISA. And that is because one of the elements for determining whether class action is superior is to look at whether there is a more appropriate forum. And how I interpret Judge Reel's opinion is saying there is a more appropriate forum. And so this case should not be decided in a courtroom at all. It should be decided with a regulatory agency. And, in fact, the DOL is looking at this very moment and has proposed regulations. Did you make that argument to him that this should be handled by the Department of Labor in your briefing or ---- We did not, Your Honor. We did not. It was too espontaneous. It was not supported by anything that you provided. It was ---- we did not make that argument to Judge Reel. And our briefs would show that. And even though Judge Reel, if he did adopt your analysis as to 23B and claimed that 23B3 was a great reason, that would still be an abuse, would it not? Because you only have to meet one requirement of 23B, not just a requirement 23B3. Well, Your Honor, I would not agree that it was an abuse. And I'll tell you why. The one thing that we do not know is we do not know what was going on in chambers with Judge Reel with his courts and what his reasoning was. What Judge Reel said is ---- And that's a good reason to send it back and find out, isn't it? Well, perhaps, Your Honors. And the Court certainly may believe that that is the best way to approach this. But I'm not sure it's the best way for judicial efficiency, because I do believe what will happen is, regardless of the outcome, there will be another appeal. And I believe in the record in this case, this Court should deny class certification. And I'd like to tell you why. First of all, I think a wonderful roadmap is the first American case that Judge Selma just decided, in which he found all of Rule 23A met, but he did not find any of the three prongs, B1, B2, B3. Well, actually, that's right. And he denied it. And it's a very comparable case. It's an ERISA case claiming that the fiduciaries breached their duties in providing certain investment selections under a 401k plan. It is very analogous. Judge Otero did the exact same thing recently in Computer Sciences Corporation. I will tell you, I want to address, Judge Rawlinson, your question about is there a difference in remedies. And, in fact, there is. And I don't want the Court to miss that point. Should this case be certified as a class action, which is clearly not necessary, because under ERISA, under 502A2, one person can bring a lawsuit on behalf of the plan. You don't need class certification. But it's not necessary, but it would prevent the risk of inconsistent determinations, which is one of the reasons, and I think it's 23B. Well, I can address that now. And I will address the risk of inconsistent determinations. Why don't you finish? Thank you. Are you talking about attorney's fees? I am. I am. And I just want to make sure the Court understands that. Do you think that's an appropriate thing to be discussing that's also not in 23A or B? Well, Your Honor, I was addressing Judge Rawlinson's question about whether the remedies would be the same. It's not. It's actually not a remedy, is it? Well, yeah, because, as I may explain, if this Court is certified as a class action, then the attorney's fees come out as a common fund. So they come out of the portion of the pot that the individual plaintiffs get. If this case And otherwise, if it's an individual action, the individual has to pay? No. If it's an individual action, it's above and beyond. And therein lies the distinction. Because ERISA has a fee-shifting provision. It's 502G, Your Honors. So I suppose, why wouldn't the Court fashion it that way, if it could? Well, because the law is that it's a common fund recovery if there's a class action. And it's an important recognition for this Court. And I'm not aware of a class action provision addressing fees. Right. Well, you're saying the class action. What are you relying on when you say that if it's a class action, it's a common fund? I believe it's a judicial doctrine, the common fund doctrine for attorney's fees and the class action. Right. So if it's a judicial doctrine and there's a statute that says something else, why wouldn't you follow the statute? Well, Your Honors, my response is, if you sat back, as I have done on many occasions, and asked myself, why are plaintiffs fighting so hard for class certification? And why is the defendant fighting so hard against it? Well, because I don't think it's appropriate for class certification. Well, and it's also one of the reasons we have class actions is because individuals independently can't necessarily afford to hire an attorney and pay out that money and pursue their legal remedies on their own. And whereas if there's a class action, they're they don't have to be in that position of trying funding a lawsuit on their own. Your Honors, you don't need that, though. That's the same. That's the interesting thing about the statute that Congress enacted. One person can bring in on behalf of the plan. Right. So it's all the individuals, if they have suffered $10 or if they've suffered $35. As a realistic matter, I'm saying, who's paying the attorney? Well, it depends upon the outcome. No, I know, but not at the end. But as when you go into the office and you meet with the attorney and you're trying to prove your case, who's paying the attorney? Or if it's an individual case gone under 502A2, and they should succeed bringing it on behalf of the plan as a whole. Right. In the meantime, the individual person who is what? What kind of employees would Northrop have who are in this plan? All of them. Like what? Give me an example. An accountant? A maintenance officer. Has to pay out attorney's fees on an ongoing basis to fund this lawsuit? No, Your Honor. As a matter of fact, and I can only speak to the four individual plaintiffs here, but as a matter of fact, they were asked that in their depositions, and each testified they are not paying a dime. Well, yeah, because in class actions, the class action lawyers typically will fund it. Well, yes. You are in a position to be able to do that. I mean, that's, I mean, this. I also would like to clarify one thing. Let me just remind you, you brought up the issue of attorney's fees, which I don't think is even appropriate. But if you're going to start talking about attorney's fees, we're going to consider all the aspects of attorney's fees. Sure, Your Honor. And, again, with all due respect, I was simply responding to Judge Rawlinson's question about whether there was a difference in the remedies and there would be less money if it's certified as a class action. Let me very briefly tell this Court that plaintiffs also were very mistaken when they opened up and they said that individuals cannot sue for individual relief. And, in fact, that is wrong. And as I think this Court knows from the briefing, the Supreme Court changed that landscape, and any individual now can bring a lawsuit just to recover his or her own relief under 502A2 as a result of the LaRue case. That's exactly what it did. It changed that landscape. That, again, was the reason that Judge Selma in First American found that this wasn't appropriate for class certification. I have only 24 seconds left, and I can't possibly get through everything I would want to say. But very briefly, this case is not appropriate for class certification for two reasons, the first of which, there can be no doubt, they are primarily seeking monetary damages. And both this Court in Zinsser and Molsky have stated that after Ortiz, this Court should be very careful because of due process concerns to certify a mandatory non-opt-out, no-notice class where monetary damages are the primary form of relief. And all you have to do, Your Honors, is look to the wherefore clause of the complaint, and you will see that that is exactly what they are saying. If you look at the record at 190 — at 169, they state, plaintiff's damages include the difference between the actual fees and expenses and the fees and expenses reasonable and prudent that the fiduciary should have permitted. They further go on to say, plaintiffs are unable to quantify the exact amount sought because the records are in defendant's possession. They further go on to say, at Record 371, they ask the Court to award actual damages to the plan in the amount of their monetary losses. There can be no doubt, Your Honors, that here what is being sought, using the analysis of the Molsky case, the essential goal of the plaintiffs here is to recover money. And that takes that out of appropriate certification for B-1 and B-2. If you look at B-3, you cannot say that it is — that common issues predominate. It's a plan of individual selection. The plan — the named plaintiffs themselves admit that they were only in a few of the various investments that they're challenging. This is a plan where people by themselves go in and select their own investments. And plaintiffs, when they were deposed, even stated that they never paid — that they never paid fees when making his investment selections. That's at the record at 86. He went on to say he did not consider fees when making investment decisions. And Gouter said the same thing. He doesn't look at the communications and he doesn't look at his account statements. Your Honors, I believe my time is up. But I would ask that this Court, for purposes of judicial autonomy, our first request would be that the Court affirm Judge Reel's decision. If not comfortable on Judge Reel's grounds, that the Court relying on Hannah v. Data Products look to the record, make the analysis itself, and agree that this case should not be certified as a class. And then secondly, Your Honors, the appropriate thing would be to remand it to Judge Reel. I know his decision is distinct, but I will tell you that with all the other rulings in this case, he has handled them very efficiently. There he has shown no abuse of any discretion in handling the case to date. Thank you, Your Honors. Thank you, counsel. All right. The case of Graybeck v. Northrop, Berman Court will be submitted.
judges: Wardlaw, Rawlinson, Smith N. R.